**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chantel YEARWOOD, Defendant–Appellant.**

No. 04–11341.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

Vicki H. Lamberson, Assistant U.S. Attorney, U.S. Attorney's Office, Amarillo, TX, for Plaintiff–Appellee.

Bonita L. Gunden, Assistant Federal Public Defender, Federal Public Defender's Office, Amarillo, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Chantel Yearwood appeals the sentence imposed following her guilty-plea conviction for possession with the intent to distribute 17.744 kilograms of phencyclidine,

---

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Yearwood argues that, in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court erred in imposing a sentence utilizing the Sentencing Guidelines as mandatory. We review for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

Application of the Guidelines as mandatory, even absent a Sixth Amendment violation as is the case here, is plain or obvious error after *Booker*. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). However, Yearwood cannot show that the error affected her substantial rights because the record does not indicate that the district court would have imposed a lower sentence under an advisory, rather than a mandatory, Guidelines scheme. *See id.*

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.